IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION

CASE NO.: 13-007265-CI

JEFFREY M. STEIN, D.D.S., M.S.D., P.A.,
a Florida Corporation;

DEVITO ORTHODONTICS, P.A.,
a Florida Corporation;

STEVEN J. MELILLI, D.C., P.A.,
a Florida Corporation;

CHARLES R. HATLEY, INC., a Florida Corporation f/k/a
AMERICAN PROFESSIONAL PEST
CONTROL SERVICES, INC. a Florida Corporation; and

DONALD WHITE, an individual;

JONATHAN HALL, an individual;

as representatives of a class of similarly-situated persons,
c/o Law Office of James M. Thomas, Esq.
1581 Main Street
Dunedin, FL 34698,

                              **Plaintiffs,**

v.

**BUCCANEERS LIMITED PARTNERSHIP,**
a Foreign Limited Partnership doing business in Florida,

                              **Defendant.**

## CLASS ACTION COMPLAINT

**COMES NOW** Plaintiffs, Jeffrey M. Stein, D.D.S., M.S.D., P.A., a Florida Corporation; Devito Orthodontics, P.A., a Florida Corporation; Donald White, an individual; Jonathan Hall, an individual; Charles R. Hatley, Inc., a Florida Corporation f/k/a American Professional Pest Control Services, Inc. a Florida Corporation; and

Steven J. Melilli, D.C., P.A., a Florida Corporation on behalf of themselves and all others who are similarly situated sues Defendant, Buccaneers Limited Partnership, a Foreign Limited Partnership doing business in Florida. ("Bucs") and alleges:

**Jurisdiction and Venue**

1. This is a class action seeking damages and declaratory and injunctive relief as a result of violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), and the Federal Communications Commission Regulations promulgated thereunder, 47 C.F.R. 64.1200 and 47 C.F.R. §68.318(d). Plaintiffs seek to represent a class, as defined below, which received one or more unsolicited facsimile advertisements sent by the Defendant or by an agent, employee, or representative on behalf of Defendant.

2. Jeffrey M. Stein, D.D.S., M.S.D., P.A. is willing to serve as class representative, is a resident of Pinellas County, Florida, and in fact received unsolicited advertising facsimiles on its fax machine at its fax number (727) 789-4929 in Pinellas County, Florida.

3. At all material times herein, the Defendant was engaged in business reaching customers within Pinellas County, Florida.

4. At all material times herein, the Defendant, Bucs is an entity doing business in and throughout Florida and in Pinellas County, Florida.

**Facts Common to All Counts**

5. Upon information and belief, at all material times herein, Defendant by and through its agents, employees, or representatives transmitted unsolicited facsimile advertisements on various days and times in the State of Florida to

the Plaintiffs and those persons or entities similarly situated throughout the State of Florida.

6. The JFPA, at 47 U.S.C. §227(b)(1)(c) prohibits the use of telephone facsimile (fax) machine, or computer, or other device, to send an unsolicited advertisement via fax. Section 227 (b) (3) states as follows:

> "(3) Private right of action
> A person or entity may, if otherwise permitted by the laws or rules of court of State, bring in an appropriate court of that State-
> (A) an action based on a violation of this subsection or the regulation prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss front such a violation, or to receive $500.00 in damages for each such violation, whichever is greater, or
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to not more than 3 times the amount available under subparagraph (B) of this paragraph…"

7. The term "unsolicited advertisement" means any material advertising the commercial availability *or* quality of any property, goods, or services which is transmitted to any person without that person's "express invitation or permission."

8. In addition, the JFPA authorized the Federal Communications Commission ("FCC") to adopt regulations defining the prohibited conduct and setting forth procedures for enforcement 47 U.S.C. §227(b)(2) and (c)(2). Regulations codified at 47 C.F.R. §64.1200 (2001) also prohibit the sending of unsolicited advertisement by fax; 47 C.F.R. §64.1200 (a) (3) provides that no person may, "use a telephone facsimile machines, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

9. The FCC has determined that the advertiser reflected on the face of a prohibited fax, in addition to the entity that actually transmitted the fax (if different), are both required to comply with statutes and regulations concerning unsolicited facsimile advertisements and the person or entity whose goods or services are promoted on the face of each violative fax is deemed the "sender" for all purposes and is responsible for the statutory damages provided for under the JFPA and FCC Regulations for each violation of the act. See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protections Act of 1991, 1995 WL 464817, to F.C.C.R. 12, 391 (F.C.C. 1995).

10. The FCC has also promulgated a regulation at 47 C.F.R. §68.318(d) which provides that, "It shall be unlawful for any person within the United States to use a computer or other electronic device to send any message via a telephone facsimile machine unless such person clearly marks, in a margin at the top or bottom of each transmitted page of the message or on the first page of the transmission, the date and time it is sent and an identification of the business, other entity, or individual sending the message, and the telephone number of the sending machine or of such business, other entity, or individual." One or more of the Exhibit(s) attached hereto violate the said FCC Regulation, for which Plaintiff claims a separate right of action under 47 U.S.C. §227(b)(3)(A).

11. 47 U.S.C. §227 provides that state courts have concurrent subject matter jurisdiction over private actions brought pursuant to TCPA. This Court has jurisdiction pursuant to 47 U.S.C. §227 (b)(3) and such actions are authorized in the state of Florida. Condon v. Office Depot, Inc., 855 So.2d 644 (Fla. 2nd DCA 2003).

12. Commencing on or about July 14, 2009, Defendant transmitted by telephone facsimile machine or other device, unsolicited facsimile(s) to Plaintiffs for the purpose of offering for sale game tickets to the Tampa Bay Buccaneers' home football games marked as Exhibits "A" through "F" to this Complaint.

13. The Exhibit(s) "A" through "F" described below which are attached hereto, constitute one or more unsolicited advertising faxes sent out by or caused to be sent out by Defendant to a fax machine owned and belonging to Plaintiffs and were in fact received by them at their telephone facsimile machine, as follows:

| Plaintiff's Name: | Quantity Received: | Date(s) of Violative Faxes | Fax Number: |
|---|---|---|---|
| Jeffrey Stein Exhibit "A" | (3) | 7/14/2009; 8/17/2009; 5/25/2010 | 727-789-4929 |
| Michael Devito Exhibit "B" | (1) | 5/25/2010 | 727-725-1561 |
| Steven Melilli Exhibit "C" | (1) | 5/25/2010 | 727-723-1925 |
| Donald White Exhibit "D" | (5) | 7/16/2009; 8/19/2009; 5/26/2010; 6/7/2010; 6/9/2010 | 352-343-9315 |
| Jonathan Hall Exhibit "E" | (2) | 7/14/2009; 8/17/2009 | 727-868-6666 |
| Charles Hatley Exhibit "F" | (1) | 5/24/2010 | 813-643-1795 |

14. Each such fax prompted the recipient to order individual game tickets by using the Tampa Bay Buccaneers' website at "Buccaneers.com" or calling a toll free number for "Ticketmaster" where Buccaneers' tickets could be purchased online.

15. On information and belief, Defendant faxed the same and similar unsolicited facsimiles to Plaintiffs and more than 100,000 other recipients from a "compiled database" without first receiving the recipients' express permission or invitation.

16. There were no reasonable means for Plaintiffs (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive communications their owners desire to receive.

17. Defendant's facsimiles did not display a proper opt-out notice as required by the JFPA and 47 C.F.R. § 64.1200.

18. The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following, among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

    a) a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements,

    b) a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful,

    c) a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender.

19. The requirement of ¶18(a) above is incorporated from § (b)(D)(ii) of the Act. The requirement of ¶18(b) above is incorporated from § (b)(D)(ii) of the Act and the Rules and Regulations of the Federal Communications

Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of ¶18(c) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements.

20. The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

a) The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶8-12 and 17-20);

b) The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶13-16);

c) The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (See 2006 Report and Order ¶¶24-34);

d) The failure of a sender to comply with the Opt-Out Notice Requirements also precludes the sender from claiming that a recipient gave "prior express permission or invitation" to receive the sender's fax (See Report and Order ¶4 8);

21. As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express permission or invitation" to receive the fax nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

22. Because of the lack of compliance by the Bucs with the JFPA Opt-Out Notice Requirements, Defendant is precluded from asserting any defense of "prior express permission or invitation" relative to any fax transmission complained of herein.

23. At no time did the Plaintiffs give express invitation or permission to Defendant to transmit to their facsimile machine the attached exhibit(s).

24. Upon information and belief, Defendant does now or has in the past, routinely sent or caused to be sent unsolicited advertising faxes to Plaintiffs and class

members who never gave express invitation or permission to receive such unsolicited advertising facsimiles.

25. Upon information and belief, at no point in time did the Defendant contact recipients of the subject facsimiles or potential recipients of the advertisement faxes by the Bucs, in advance of sending said transmissions nor did they obtain prior express invitation or permission from each recipient for such facsimiles prior to faxing same to the class members.

26. Upon information and belief, the Bucs were at all times fully aware that the face of each such violative fax did not comply with restrictions set forth in 47 U.S.C. 227 and the FCC Rules or Regulations associated with or promulgated thereunder.

27. At all material times herein the submission of unsolicited advertisements by facsimile transmission to the Plaintiffs and other recipients of the Bucs faxed advertisement, was performed by the Defendant as a knowing, or in the alternative, a willful violation of the TCPA and FCC Regulations.

### Class Representation Allegations

28. Plaintiffs bring this action individually and as a class action pursuant to Rule 1.220 of the Florida Rules of Civil Procedure. The conduct of Defendant has been systematic and continuous, and has affected many consumers throughout Florida. Accordingly, Plaintiff seeks to represent the following class:

    "All persons or entities, who received an unsolicited advertisement promoting or offering the commercial availability or quality of any property, goods or services received via facsimile from the Defendants without the recipient's prior express invitation or permission, during the period of time defined by the applicable statute of limitations."

29. Plaintiffs reserve the right to amend the definition of the Class upon completion of, or during, class certification discovery.

30. A class action is the only practical means available for members of the Class to recover the damages to which each is entitled, and to stop the prohibited conduct of the Defendant(s).

31. Identification of the members of the Class can be ascertained in discovery of the database(s) of Defendant(s) and/or from other books and records of either the Defendant(s) or any other party who may have sent the unsolicited faxed advertisement to Plaintiff and to each Class member at the request of and/or on behalf of the Defendant(s).

32. The members of the Class are so numerous that joinder of them all is impracticable. Plaintiff believes that thousands of Class members during the limitation period have been sent unsolicited advertisements to their facsimile machines located within the State of Florida either by or on behalf of Defendant.

33. As required for bringing a class action under Fla.R.Civ.P. 1.220(b)(3), there are numerous and substantial questions of law and fact common to members of the Class which predominate over questions which may affect only individual members. These common questions of law and fact, which will control this litigation and predominate over any individual issues include the following:

    a. Whether Defendant send and/or routinely send unsolicited fax advertisements to the fax machines of Plaintiff and members of the Class without obtaining their express permission or invitation; and

    b. Whether Defendant violated the TCPA by sending unsolicited facsimile advertisements to the fax machines of Plaintiff and members of the Class so as to render them liable to the Class for statutory liquidated damages or actual monetary loss resulting from Defendant's violation of the TCPA.

34. Plaintiffs and the Class are entitled to the greater of actual monetary loss or the statutory liquidated amount. Upon information and belief, the actual monetary loss of each of the Class members will not exceed the statutory liquidated amount of $500.00 to $1,500.00 for each such violation.

35. Plaintiff, Jeffrey M. Stein, D.D.S., M.S.D., P.A. is a member of the Class it seeks to represent and its claims are typical of claims of the other members of the Class, since all members of the Class were sent one or more unsolicited faxed advertisements by the Bucs and all members of the Class are entitled to the same statutory relief as a result of receiving unsolicited faxed advertisements from the Bucs prohibited by the JFPA. *See* Fla.R.Civ.P. 1.220 (b) (3).

36. The liability of the Defendant to pay damages to Plaintiff and to each member of the proposed Class is based upon the identical statute, 47 U.S.C. §227, and FCC Regulations which applies to both Defendant and to Plaintiff as well as to every member of the proposed Class. Moreover, as the statute and regulations at issue are strict liability, with little if any defenses, any defenses raised by the Defendant are likely to be consistent and applicable to all potential class litigants.

37. Plaintiff Jeffrey M. Stein, D.D.S., M.S.D., P.A. is well qualified to act as the Class Representative; it will fairly and adequately protect the interests of the other members of the Class, and has no interests that are adverse or antagonistic to the interests of the other members of the Class.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Joinder of all Class members is clearly impracticable. The likelihood of individual Class members prosecuting separate claims is remote due to the amount of individual statutory damages available

under the JFPA and the associated cost of pursuing an individual claim through formal litigation. The expense and burden of individual claims make it unlikely that a substantial number of Class members will individually seek redress for the wrongs done to them. It is desirable for all concerned to concentrate this litigation in this particular forum. Plaintiff envisions no difficulty in the management of this action as a class action, and states that this is a convenient and proper forum in which to litigate this ease.

39. This action is properly brought as a class action under Fla.R.Civ.P. 1.220(b)(1) because the prosecution of separate actions by individual Class members would create the risk of varying and inconsistent determinations that could confront Defendant with incompatible standards of conduct and which could prejudice non-parties to any adjudication, and substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in this matter.

40. This action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort and expense. This action will contribute to uniformity of decisions concerning the practices of the Defendant.

41. As required for a class action under Fla.R.Civ.P. 1.220(b)(2), this action is properly brought as a class action because actions taken by the Defendant are generally applicable to all the members of the Class, i.e. sending unsolicited faxes to recipients within the State of Florida without obtaining their express permission or invitation, thereby making final injunctive relief or declaratory relief concerning the Class as a whole appropriate.

42. Plaintiffs have retained the undersigned attorney, and is obligated to pay him a reasonable fee for his services.

## COUNT ONE
## (JFPA- BUCS)

Plaintiff reasserts each and every allegation in paragraphs (1) through forty-two (42) above as if fully restated herein and further states as follows:

43. The sending of the unsolicited advertising facsimile(s) in the manner discussed hereinabove by Defendant to Plaintiff and to others violates 47 U.S.C. §227.

44. That as a direct and proximate result of the Defendant, Bucs violation of 47 U.S.C. §227, the Plaintiff is entitled to statutory damages as defined by law.

**WHEREFORE**, Plaintiffs on behalf of itself and all others similarly situated, demands judgment against Defendant, Bucs and requests that this Honorable Court:

   a. Certify this action as a class action;

   b. Award statutory damages of between $500.00 and $1,500.00 dollars for each facsimile sent to each member of the Plaintiff Class; and

   c. Enjoin the Defendant from further violations of the 47 U.S.C. §227;

   d. Provide such other relief, as this Honorable Court deems necessary and appropriate.

## COUNT TWO
## (47 C.F.R. 64.1200 -BUCS)

Plaintiff reasserts each and every allegation in paragraphs (1) through forty-two (42) above as if fully restated herein and further states as follows:

45. The sending of the unsolicited advertising facsimile(s) in the manner discussed hereinabove by Defendant to Plaintiff and to others violates 47 C.F.R. 64.1200.

46. That as a direct and proximate result of the Defendant, Bucs violation of 47

C.F.R. 64.1200, the Plaintiff is entitled to statutory damages as defined by law.

**WHEREFORE**, Plaintiffs on behalf of itself and all others similarly situated, demands judgment against Defendant, Bucs and requests that this Honorable Court:

- e. Certify this action as a class action;
- f. Award statutory damages of between $500.00 and $1,500.00 dollars for each facsimile sent to each member of the Plaintiff Class; and
- g. Enjoin the Defendant from further violations of the 47 C.F.R. 64.1200.;
- h. Provide such other relief, as this Honorable Court deems necessary and appropriate.

## COUNT THREE
### (47 C.F.R. 68.318 (d) -BUCS)

Plaintiff reasserts each and every allegation in paragraphs (1) through forty-two (42) above as if fully restated herein and further states as follows:

47. The sending of the unsolicited advertising facsimile(s) in the manner discussed hereinabove by Defendant to Plaintiff and to others violates 47 C.F.R. 68.318 (d).

48. That as a direct and proximate result of the Defendant, Bucs violation of 47 C.F.R. 68.318 (d), the Plaintiff is entitled to statutory damages as defined by law.

**WHEREFORE**, Plaintiffs on behalf of itself and all others similarly situated, demands judgment against Defendant, Bucs and requests that this Honorable Court:

- i. Certify this action as a class action;
- j. Award statutory damages of between $500.00 and $1,500.00 dollars for each facsimile sent to each member of the Plaintiff Class; and
- k. Enjoin the Defendant from further violations of the 47 C.F.R. 68.318 (d);
- l. Provide such other relief, as this Honorable Court deems necessary and appropriate.

**DATED** this \_\_\_12\_\_\_ day of \_\_\_July\_\_\_ 2013.

Respectfully Submitted,

*[signature]*

Law Office of James M. Thomas, Esq.
James M. Thomas, Esq.
1581 Main Street
Dunedin, FL 34698
Telephone: 727.736.1900
Facsimile: 727.736.1991
Email: JMThomas@JamesThomasEsq.com
FL Bar No. 0648590
SPN: 02528113