UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

Case No. 8:13-cv-02136-SDM-AEP

JEFFREY M. STEIN, D.D.S., M.S.D., P.A,
a Florida corporation,

DEVITO ORTHODONTICS, P.A.,
a Florida corporation,

STEVEN J. MELILLI, D.C., P.A.,
a Florida corporation,

CHARLES R. HATLEY, INC., a Florida corporation f/k/a
AMERICAN PROFESSIONAL PEST
CONTROL SERVICES, INC., a Florida corporation,

DONALD WHITE, an individual;

JONATHAN HALL, an individual;

As representatives of a class of similarly-situated persons,
c/o Law Office of James M. Thomas, Esq.
1581 Main St.
Dunedin, FL 34698

    Plaintiffs,

v.

BUCCANEERS LIMITED PARTNERSHIP,
A Foreign Limited Partnership doing business in Florida

_____/

## DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

    COMES NOW, Defendant Buccaneers Limited Partnership ("BLP"), by and through its undersigned counsel and respectfully submits this Motion to Dismiss Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), and in support thereof states as follows:

Case No. 8:13-cv-02136-SDM-AEP

## INTRODUCTION

Plaintiffs' Class Action Complaint must be dismissed because this Honorable Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Specifically, the Defendants have filed Offers of Judgment pursuant to Rule 68 to each individual Plaintiff for full relief. Specifically, each Offer of Judgment offers that judgment be entered against BLP for the maximum statutory damages ($1,500 per fax received) as well as all reasonable costs incurred to date by each Plaintiff to be decided by the Court, an entry of a stipulated injunction enjoining the Defendant from any future violations of 47 U.S.C. §227, 47 C.F.R. 64.1200, and 47 C.F.R. 68.318(d), and any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims of each Plaintiff in the action. Given that the Offers of Judgment provide the Plaintiffs full relief in this case, and the Plaintiffs had not moved for class certification at the time that the offers were made, this matter is moot, Defendant's Motion to Dismiss for lack of subject matter jurisdiction should be granted, and the case be dismissed with prejudice.

Should this Honorable Court find that Plaintiffs claims are not moot, Count III of Plaintiffs' Complaint for violations of 47 C.F.R. §68.318(d) should be dismissed for lack of subject matter jurisdiction. The plain language of the TCPA does not provide a private right of action for such a claim. Specifically, the private right of action established by §227(b)(3) of the TCPA limits the right to "an action based on a violation of *this subsection* [i.e. subsection (b)] or the regulations prescribed under *this subsection*." However, the regulations in 47 C.F.R. §68.318(d) were issued pursuant to a directive in §227(d). As a result, Count III must be dismissed with prejudice for lack of subject matter jurisdiction.

## BACKGROUND

The Plaintiffs allege that commencing on or about July 14, 2009 BLP transmitted unsolicited facsimile(s) to Plaintiffs for the purpose of offering for sale game tickets to the Tampa Bay Buccaneers' home football games. D.E. #2 at ¶12. The Plaintiffs allege receipt of the following unsolicited faxes: Jeffrey M. Stein, D.D.S., M.S.D., P.A. received three (3) faxes on July 14, 2009, August 17, 2009, and May 25, 2010 respectively; Devito Orthodontics, P.A. received one (1) fax on May 25, 2010; Steven J. Melilli, D.C., P.A. received one (1) fax on May 25, 2010; Donald White received five (5) faxes on July 16, 2009, August 19, 2009, May 26, 2010, June 7, 2010, and June 9, 2010 respectively; Jonathan Hall received two (2) faxes on July 14, 2009 and August 17, 2009 respectively; and Charles R. Hatley, Inc. f/k/a American Professional Pest Control Services, Inc. received one (1) fax on May 24, 2010. D.E. #2 at ¶13. The Plaintiffs allege that each fax promoted the recipient to order individual game tickets by using the Tampa Bay Buccaneers' website at "Buccaneers.com" or calling a toll free number for "Ticketmaster" where Buccaneers' tickets could be purchased online. D.E. #2 at ¶14. Plaintiffs bring three causes of action against the Defendants based on the these alleged unsolicited faxes: (1) violation of 47 U.S.C. §227 – Telephone Consumer Protection Act of 1991 as amended by the Junk Fax Prevention Act of 2005 ("JFPA"); (2) violation of 47 C.F.R. 64.1200; and (3) violation of 47 C.F.R. 68.318(d). D.E. #2 at ¶42-48. All three causes of action have the same prayer for relief wherein the Plaintiffs request the following: (a) certify this action as a class action; (b) award statutory damages of between $500.00 and $1,500.00 for each facsimile sent to each member of the Plaintiff Class; (c) enjoin the Defendant from further violations of the respective statutes or federal regulation; and (d) provide such other relief, as this Honorable

Court deems necessary and appropriate. D.E. #2. The Plaintiffs also make class representation allegations in the Complaint, but have yet to move for class certification by filing the appropriate motion. D.E. #2 at ¶28-42.

On August 19, 2013, prior to the Plaintiffs filing a motion for class certification, BLP propounded Offers of Judgment to each of the individual Plaintiffs. Each Offer of Judgment provides the individual Plaintiffs with full relief in this case. Specifically, each Offer of Judgment offers that judgment be entered against BLP for the maximum statutory damages ($1,500 per fax received) as well as all reasonable costs incurred to date by each Plaintiff to be decided by the Court, an entry of a stipulated injunction enjoining the Defendant from any future violations of 47 U.S.C. §227, 47 C.F.R. 64.1200, and 47 C.F.R. 68.318(d), and any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims of each Plaintiff in the action. *See* Offer of Judgment to Jeffrey M. Stein, D.D.S., M.S.D., P.A., attached hereto as **"Exhibit A"**; Offer of Judgment to Devito Orthodontics, P.A., attached hereto as **"Exhibit B"**; Offer of Judgment to Steven J. Melilli, D.C., P.A., attached hereto as **"Exhibit C"**; Offer of Judgment to Charles R. Hatley, Inc. f/k/a American Professional Pest Control Services, Inc., attached hereto as **"Exhibit D"**; Offer of Judgment to Donald White, attached hereto as **"Exhibit E"**; Offer of Judgment to Jonathan Hall, attached hereto as **"Exhibit F"**.

<u>**MEMORANDUM OF LAW**</u>

**I.     TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §227**

The Telephone Consumer Protection Act was enacted by Congress in 1991 and prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement…" 47 U.S.C.§227(b)(1)(C). The Act provides for a "[p]rivate right of action" in the form of an injunction to enjoin violations and/or and action

for damages and fixes the damages for each violation at $500 or actual damages, whichever is greater. 47 U.S.C. §227(b)(3). If the Court finds the defendant willfully or knowingly violated subsection b, the Court, in its discretion may increase the amount of the award to not more than 3 times the amount available under 47 U.S.C. §227(b)(3)(B). This private action remedy was incorporated in the Act with the purpose of permitting, in states willing to allow such actions, a consumer to appear without an attorney in a small claims court to recover not merely actual damages but a minimum of $500 for each violation. Local Baking Products, Inc. v. Kosher Bagel Munch, Inc., 421 N.J.Super. 268, 273 (N.J. Super. App. Div. 2011); Local Baking Products, Inc. v. Westfield Rental-Mart, Inc., Case No. L-4701-09, 2013 WL 709257, at *2 (N.J. Super. App. Div. 2013). "The drafters recognized that damages from a single violation would ordinarily amount to only a few pennies worth of ink and paper usage, and so believed that the $500 minimum damage award would be sufficient to motivate private redress of a consumer's grievance through a relatively simple small claims court proceeding, without an attorney. Kosher Bagel Munch, Inc., 421 N.J.Super. at 273.

Plaintiff's Class Action Complaint is the improper procedural mechanism for alleged violations of the TCPA. As discussed in Kosher Bagel Munch, Inc. and Westfield Rental-Mart, Inc., the legislative intent of the TCPA is for individual consumers to file claims in small claims court without an attorney. As a result, a Class Action Complaint with numerous Plaintiffs and class allegations is the improper mechanism when the Plaintiffs have the Florida Small Claims Court system available to pursue a cost effective manner in which to seek redress.

**II.   PLAINTIFFS NO LONGER MAINTAIN A PERSONAL STAKE IN THIS LAWSUIT, THUS THE CASE SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FRCP 12(B)(1).**

Case No. 8:13-cv-02136-SDM-AEP

Article III of the U.S. Constitution restricts the jurisdiction of federal courts to the adjudication of actual "cases and controversies." *See* Fla. Wildlife Fed'n, Inc. v. South Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011). "In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action. Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1528 (2013). An actual controversy must exist at all stages of the case, not merely at the time the complaint is filed. Id. As a result, if an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during the litigation, the action can no longer proceed and must be dismissed as moot. Id. "Therefore, once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under [Federal Rule of Civil Procedure] 12(b)(1), because he has no remaining stake." Damasco v. Clearwire Corp., 662 F.3d 891, 895 (7th Cir. 2011); *see also* Brown v. Kopolow, No. 10-805593-CIV, 2011 WL 283253, at *2 (S.D. Fla. Jan. 25, 2011)("An offer that satisfies Plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction.")

In Damasco, plaintiff filed a putative class-action alleging violations of the TCPA for sending unsolicited text messages to cellphone users. Damasco, 662 F.3d at 893. However, before the plaintiff moved for class certification, the defendant offered him his full request for relief. Id. The defendant then moved to dismiss, arguing that the offer mooted the plaintiff's claim. Id. The Seventh Circuit held that "[t]o allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Article III." Id. at 896. The Court also held that even though the complaint identifies the suit as a class action that is not enough by itself to keep the case in federal court, even when the complaint "clearly and in great detail describes the suit as a class action suit" if the plaintiff does not seek class certification, then dismissal of the plaintiff's claim terminates the suit. Id. Therefore, as soon as the defendant made its offer, the case was over. Id.

In Kryzkwa v. Phusion Projects, LLC, 920 F.Supp.2d 1279, 1280-81 the Southern District of Florida was faced with a motion to dismiss the plaintiffs' class action complaint on the ground that the defendants' settlement offer, which was made before the plaintiffs moved to certify the class, rendered the plaintiffs' claim moot. The Judge adopted the Seventh Circuit's reasoning in Damasco and held that the defendant's settlement offer, made before the plaintiffs moved for class certification, mooted the plaintiff's claim. Id. at 1282-1284.

The Honorable Kenneth A. Marra in the Southern District of Florida in Keim v. ADF Midatlantic, LLC, Case No. 9:12-cv-80577-KAM, was presented the precise issue now facing this Court in the case *sub judice*. In Keim, the plaintiff filed a class action complaint for statutory damages and injunctive relief under the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. *See* Opinion and Order issued by the Honorable Kenneth A. Marra at pp. 1-2, attached hereto as **"Exhibit G"**. The plaintiff alleged that the defendants sent unsolicited commercial text messages to potential customers using an automatic telephone dialing system and that the messages were sent without the potential customers' express consent. Id at p. 2. The plaintiff sought an order certifying the class, statutory damages at $500.00 per text message for negligent violations of the Act, statutory damages of up to $1,500.00 per text message for each willful violation of the Act, an injunction requiring defendants to cease all communications in violation of the Act, reasonable attorney's fees and costs, and such further relief as the Court

deemed appropriate. Id. Prior to the plaintiff moving for class certification, the defendants made an offer of judgment under Federal Rule of Civil Procedure 68 offering to allow judgment to be entered against them for $1,500 for each unsolicited text message, agreeing to pay plaintiff's costs (including reasonable attorney's fees), agreeing to the entry of a stipulated injunction, and to allow the Court to provide any other relief that it determined necessary to fully satisfy the individual claims of the plaintiff. Id. at pg. 14. The defendant filed a motion to dismiss under the Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.[1] Id. at p. 3.

Judge Marra adopted the rationale of Damasco and Krzykwa and found that filing a "class action" complaint does not prevent a claim from being rendered moot where the sole plaintiff is offered full relief before he moves for class certification. Id. at p. 12-13  Judge Marra also stated that "[n]otwithstanding Plaintiff's request in his complaint for an order certifying the class, Plaintiff did not *move* for class certification, so the putative class never acquired an independent legal status that would give rise to responsibilities on Plaintiff's part." Id. The Court found that based on the remaining requests in plaintiff's complaint, defendants' Rule 68 offer provided full relief. Id. at p. 13. The Court concluded that the defendant's offer of judgment provided plaintiff full relief in the case, and therefore, plaintiff's federal case was over as soon as the offer was made. Id. at p. 16. The Court also held that the plaintiff does not maintain a stake in the litigation post-offer merely because a rule of procedure sets a time-frame for a response, therefore, the Article III justiciability requirements are not held in abeyance for 14 days while a plaintiff (or plaintiff's counsel) decides whether to move for class certification. Id. Lastly, as a result of the above, the Court held that because the plaintiff had not moved for

---

[1] Because the Court concluded that the plaintiff's claim was moot, the Court did not address defendant's arguments for dismissal for failure to state a claim and lack of personal jurisdiction. Id. at pg. 7 n. 8.

class certification at the time that the offer was made, the case was moot and dismissed the same with prejudice. Id. at pp. 16-17.

As in Keim, this matter is moot and must be dismissed with prejudice. Specifically, all three causes of action have the same prayer for relief wherein the Plaintiffs request the following: (a) certify this action as a class action; (b) award statutory damages of between $500.00 and $1,500.00 for each facsimile sent to each member of the Plaintiff Class; (c) enjoin the Defendant from further violations of the respective statutes or federal regulation; and (d) provide such other relief, as this Honorable Court deems necessary and appropriate. D.E. #2. To date, Plaintiffs have not moved for class certification.[2] Based on the remaining requests in the prayers for relief in Plaintiffs' Complaint, Defendant's Rule 68 Offers of Judgment provided full relief. Specifically, each Offer of Judgment offers that judgment be entered against BLP for the maximum statutory damages ($1,500 per fax received) as well as all reasonable costs incurred to date by each Plaintiff to be decided by the Court, an entry of a stipulated injunction enjoining the Defendant from any future violations of 47 U.S.C. §227, 47 C.F.R. 64.1200, and 47 C.F.R. 68.318(d), and any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims of each Plaintiff in the action.[3]  *See* **Exhibit A**; **Exhibit B**; **Exhibit C**; **Exhibit D**; **Exhibit E**; **Exhibit F**.  Furthermore, the fact that Plaintiffs' 14 day timeframe to

---

[2] While the Plaintiff made class representative allegations and requested an order certifying the class in the Complaint, the Plaintiff has failed to *move* for class certification as required by Keim. **Exhibit G** at p. 13.

[3] Plaintiffs' Complaint did not seek attorney's fees and the Plaintiffs are not entitled to prevailing party attorney's fees under the TCPA. Dennis v. Syndicated Office Systems, Inc., Case No. 09-61345-CIV, 2010 WL 3632478, at *1 (S.D. Fla. Sept. 14, 2010)("Plaintiff's claim for fees and costs excludes any services rendered pursuant to the TCPA since the statute does not authorize the awarding of fees for such claims. Plaintiff has appropriately eliminated and excluded fees based upon 7 hours and 35 minutes attributable to the TCPA claim."); Bauer v. Midland Credit Management, Inc., Case No. 8:12-CV-614-T-23TGW, 2012 WL 6733649, at *7 (M.D. Fla. Dec. 4, 2012)("defendant argues, correctly, that a reduction of hours is appropriate to account for attorney work on the three TCPA claims because the TCPA does not contain a fee-shifting provision"); Bianchi v. Bronson & Migliaccio, LLP, Case No. 09-61164-CIV, 2011 WL 379115, at *3 (S.D. Fla. Feb. 2, 2011)(Plaintiff acknowledges that the TCPA claim does not call for statutory attorney's fees).

accept the Offers of Judgment has not run as of the date of filing this motion is irrelevant to the Court's determination whether the Plaintiffs' claims are moot. *See* **Exhibit G** at p. 16. Given that the Offers of Judgment provide the Plaintiffs full relief in this case, and the Plaintiffs had not moved for class certification at the time that the offers were made, this matter is moot, Defendant's Motion to Dismiss for lack of subject matter jurisdiction should be granted, and the case should be dismissed with prejudice.

### III. COUNT III OF THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION

Should this Honorable Court find that Plaintiffs claims are not moot, Count III of Plaintiffs' Complaint for violations of 47 C.F.R. §68.318(d) should be dismissed with prejudice for lack of subject matter jurisdiction. Count III of the Complaint asserts a cause of action based on the regulations promulgated by the Federal Communications Commission ("FCC") pursuant to the TCPA, which require that faxes properly identify the individual or entity sending the faxed message and the number of the sender. 47 C.F.R. §68.318(d). However, the plain language of the TCPA does not provide a private right of action for such a claim. Adler v. Vision Lab Telecommunications, Inc., 393 F.Supp.2d 35, 38-39 (D.D.C. 2005). Specifically, the private right of action established by §227(b)(3) of the TCPA limits the right to "an action based on a violation of *this subsection* [i.e. subsection (b)] or the regulations prescribed under *this subsection*." 47 U.S.C. §227(b)(3) (emphasis added); Adler, 393 F.Supp.2d at 38-39. However, the regulations in 47 C.F.R. §68.318(d) were issued pursuant to a directive in §227(d) as opposed to §227(b). 47 U.S.C. §227(d); 47 C.F.R. §68.318(d); Adler, 393 F.Supp.2d at 38-39. §227(b) deals with unsolicited faxes, not improperly identified faxes, and a private right of action exists only with respect to unsolicited faxes. Adler, 393 F.Supp.2d at 38-39. As a result, pursuant to Adler, Count III must be dismissed with prejudice for lack of subject matter jurisdiction.

- 10 -

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## CONCLUSION

Plaintiffs' Class Action Complaint must be dismissed because this Honorable Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Specifically, the Defendants have filed Offers of Judgment pursuant to Rule 68 to each individual Plaintiff for full relief. Specifically, each Offer of Judgment offers that judgment be entered against BLP for the maximum statutory damages ($1,500 per fax received) as well as all reasonable costs incurred to date by each Plaintiff to be decided by the Court, an entry of a stipulated injunction enjoining the Defendant from any future violations of 47 U.S.C. §227, 47 C.F.R. 64.1200, and 47 C.F.R. 68.318(d), and any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims of each Plaintiff in the action. Given that the Offers of Judgment provide the Plaintiffs full relief in this case, and the Plaintiffs had not moved for class certification at the time that the offers were made, this matter is moot, Defendant's Motion to Dismiss for lack of subject matter jurisdiction should be granted, and the case be dismissed with prejudice.

Should this Honorable Court find that Plaintiffs claims are not moot, Count III of Plaintiffs' Complaint for violations of 47 C.F.R. §68.318(d) should be dismissed for lack of subject matter jurisdiction. The plain language of the TCPA does not provide a private right of action for such a claim. Specifically, the private right of action established by §227(b)(3) of the TCPA limits the right to "an action based on a violation of *this subsection* [i.e. subsection (b)] or the regulations prescribed under *this subsection*." However, the regulations in 47 C.F.R. §68.318(d) were issued pursuant to a directive in §227(d). As a result, Count III must be dismissed with prejudice for lack of subject matter jurisdiction.

Case No. 8:13-cv-02136-SDM-AEP

WHEREFORE, for the foregoing reasons, the Defendant requests this Honorable Court grant Defendant's Motion to Dismiss Plaintiff's Class Action Complaint, dismiss the case with prejudice as moot, and for any further relief this Court deems just and equitable.

### CERTIFICATE OF SERVICE

I hereby certify that on **August 21, 2013**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-920
Facsimile: (561) 683-8977


s/ Justin Sorel\_\_\_\_\_
Barry A. Postman
FBN: 991856
E-Mail Address: Barry.Postman@csklegal.com
Justin Sorel
FBN: 0016256
E-Mail Address: Justin.Sorel@csklegal.com


**Service List**

James Thomas, Esq.
Law Office of James M. Thomas Esq. P.A.
1581 Main St
Dunedin, Florida 346984651
 E-Mail:  JMThomas@JamesThomasEsq.com

- 12 -
**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Case No. 8:13-cv-02136-SDM-AEP

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX